# EXHIBIT A

# RULES OF

# THE

# LOS ANGELES CITY COUNCIL
# AS AMENDED
# (October 2025)

COUNCIL OFFICERS

COUNCILMEMBER MARQUEECE HARRIS-DAWSON, PRESIDENT

COUNCILMEMBER BOB BLUMENFIELD
PRESIDENT PRO TEMPORE

COUNCILMEMBER NITHYA RAMAN
ASSISTANT PRESIDENT PRO TEMPORE

# RULES

# OF

# THE LOS ANGELES CITY COUNCIL AS

# ADOPTED ON DECEMBER 19, 1986
# AS AMENDED
# (October 2025)

Patrice Y. Lattimore
City Clerk

# TABLE OF CONTENTS


| Chapter | | Page |
|---|---|---|
| | Preamble | iiii |
| I | Election and Appointment of Officers | 1 |
| II | Public Notice, Attendance and Comment | 2 |
| III | Presiding Officer | 7 |
| IV | Council Meeting Days and Time, Order of Business, and Quorum | 8 |
| V | Council Discussion and Time Limits | 10 |
| VI | Resolutions, Contracts, Reports, and Ordinances | 11 |
| VII | Appointment and Removal of City Commissioners and Officers | 13 |
| VIII | Voting | 14 |
| IX | Disposition of Items | 15 |
| X | Special Meetings | 17 |
| XI | Committees and Committee Meetings | 18 |
| XII | Rules | 22 |
| XIII | Assigned Duties | 23 |
| XIV | Censure Procedures for the Los Angeles City Council | 24 |
| XV | Miscellaneous Provisions | 26 |
| | Appendix - Verbal Motions | 29 |
| | Index | 30 |

# RULES

# OF THE

# LOS ANGELES CITY COUNCIL

These procedural Rules are adopted, pursuant to authority set forth in Charter Section 242, to assist the City Council in the orderly conduct of City business consistent with law.

CHAPTER I

## ELECTION AND APPOINTMENT OF OFFICERS

*1. At the first meeting of the Council after the second Monday in December, 2020 and after such day in each even-numbered year thereafter, the City Clerk shall preside over the election of the President, and the Council shall elect one of its members as President by a majority vote by open ballot. That member shall be known as the "President of the Council." The President shall serve until the next such meeting date or until a successor has been elected.

2. After a President is elected, the Council shall elect one of its members as "President Pro Tempore" in the same manner it has elected the President. The President Pro Tempore shall serve until a successor has been elected, and shall act as the Presiding Officer in the absence of the President of the Council and as otherwise provided in Charter Section 243(b).

3. The maker of a duly seconded motion to remove or replace the President, the President Pro Tempore or both, shall distribute a copy of the motion to each member and to the City Clerk during a Council session. The City Clerk shall place such motion on the next Council Agenda to be posted for a regular meeting. If the President's removal is approved, an election shall be held in accord with Rule 1.

4. After the election of the President and the President Pro Tempore, the President of the Council shall appoint a member of the Council to be "Assistant President Pro Tempore" who shall exercise the powers and duties of the President Pro Tempore as provided in Section 2.6(b) of the Los Angeles Administrative Code and serve for the period the President was elected. In the event of sickness, absence from the City, or disability of the Assistant President Pro Tempore, the sequence of succession to act as Assistant President Pro Tempore shall be based upon seniority, as provided in Section 2.6(c) of the Los Angeles Administrative Code.

5. The Presiding Officer may name another member to temporarily perform the duties of the Chair, but the substitution shall not extend beyond adjournment.

**" Rules marked with an asterisk (*) may not be suspended. See Rule 76.**

CHAPTER II

**PUBLIC NOTICE, ATTENDANCE AND COMMENT**

*6. The agenda for each regular meeting of the Council shall be posted pursuant to state law at least 72 hours before the meeting. It shall contain a brief general description of each item of business to be transacted or discussed at the meeting.

*7. General Public Comment

During each regular meeting, the Council shall provide a member of the public the opportunity to address the Council on any issue within the subject matter jurisdiction of the Council. This shall be referred to as "General Public Comment," which generally shall be taken up at or near the beginning of each regular meeting. Unlike most governing bodies which meet once a week or less often, the Council has regular meetings three times each week which afford members of the public frequent opportunity to address the Council. Therefore, each speaker shall be limited to one minute of general public comment each regular meeting. The Council shall not discuss or take action relative to any general public comment unless authorized by Section 54954.2(b) of the Government Code. The Council has determined that a cumulative total of ten minutes is a reasonable minimum amount of time for the General Public Comment segment of each regular meeting.

Agenda Item Public Comment

The Council shall provide an opportunity for the public to address the Council on each agenda item before or during Council's consideration of the item, unless the opportunity for public comment on the item previously was provided by a Council Committee and the item has not changed substantially since that Committee's consideration of the item. A member of the public wishing to speak on only one agenda item that is eligible for public comment shall be given an opportunity to speak for up to one minute when that item is considered by Council, or, at the discretion of the Presiding Officer, before consideration of the item.

A member of the public wishing to speak on more than one agenda item at a single meeting shall combine and present his or her comments addressing the agenda items at or near the beginning of the meeting during a segment called "Multiple Agenda Item Comment." A member of the public speaking on more than one agenda item shall be allowed to speak for up to one minute per item up to a total of three minutes per meeting. This will be the only opportunity to speak, other than during General Public Comment, for those members of the public who have submitted speaker cards on more than one agenda item. The Council has determined that a cumulative total of 20 minutes is a reasonable minimum amount of time for the Multiple Agenda Item segment of each regular meeting. On each meeting agenda, the Clerk shall designate any agenda items that are linked by a common specific issue. The Presiding Officer may allow members of the public who submit speaker cards on linked agenda items to make their public comment when the items are considered by Council.

Disruptions

A member of the public who disrupts and is ordered removed from a Council meeting or a Committee meeting shall be excluded from the remainder of that meeting and excluded from attending all Council and Committee meetings for the remainder of that day and for the following business day.

A member of the public excluded from a Council or Committee meeting who then disrupts and is ordered removed from any Council or Committee meeting later that day or during any of the following 3 business days shall be excluded from attending all Council and Committee meetings for the remainder of that day and for the following business day.

A member of the public excluded from Council and Committee meetings for the following business day who then disrupts and is ordered removed from a Council or Committee meeting on any of the 3 business days immediately following the day of exclusion shall be excluded from attending all Council and Committee meetings for the remainder of that day and for the following 3 business days.

A member of the public excluded from Council and Committee meetings for 3 business days who then disrupts and is ordered removed from a Council or Committee meeting on any of the 3 business days immediately following the third day of exclusion shall be excluded from attending all Council and Committee meetings for the remainder of that day and for the following 6 business days.

A member of the public excluded from Council and Committee meetings for 6 business days who then disrupts and is ordered removed from a Council or Committee meeting on any of the 3 business days immediately following the sixth day of exclusion shall be excluded from attending all Council and Committee meetings for the remainder of that day and for the following 6 business days.

A business day is every calendar day on which a Council and/or Committee meeting is held.

Prohibition on Use of N-word and C-word Epithets

A public speaker may not use the N-word or C-word, or any variation of either of these words, in a Council or Committee meeting. To avoid ambiguity, the N-word is spelled "n" followed by "i" followed by "g" followed by "g" followed by "e" followed by "r." The C-word is spelled "c" followed by "u" followed by "n" followed by "t." Examples of variations of these epithets include, but are not limited to, the words' plural forms and words created by adding "-ish," "-y," "-ly" or "-ing" to create related adjectives, adverbs, verbs, or gerundives. Public speakers are prohibited from using the N-word and C-word and their variations even though the speakers would use the words to express a non-offensive, non-vulgar viewpoint.

The first time a public speaker in a Council or Committee meeting uses the N-word or C-word, or its variation, the staffing City Attorney or presiding officer shall issue a warning to the public speaker that the word and its variations are proscribed and may not be used again in any Council or Committee meeting. If the speaker who received the warning uses the word or its variation again in that or any future Council or Committee meeting, the presiding officer shall re-issue the order, note that the officer's need to stop the meeting to re-issue the order has actually disrupted the meeting, and cut off the speaker's time to speak for the remainder of that meeting. The disruptive speaker is additionally subject to possible removal and exclusion as other provided in this Rule.

*8. Public hearing items scheduled for regular meetings are afforded special notice for a specific Council meeting date and are intended to receive separate public input on a specific matter. Interested persons (for example applicants, appellants and property owners) shall be given reasonable opportunity to present oral arguments for or against any proposed action. However, no person may present evidence not relevant to the matter which is the subject of the hearing. The Presiding Officer may exercise his or her discretion, subject to reversal by a majority of the Council pursuant to Rule 15, in conducting the public comment period, including re-ordering the order of business as set forth in Rule 22 and providing additional time for a member of the public to speak as long as other speakers are afforded equal time.

9. No person shall be permitted to interrupt Councilmembers or the Clerk during a Council meeting.

10. No person, other than members of the news media and City staff shall be admitted into the Council business area of the Council Chamber (separated by a rope from the public seating area), while the Council is meeting except upon the request of a member and consent of the Presiding Officer.

11. To facilitate the orderly process of public comment and to assist the Council and its Committees in conducting business as efficiently as possible, members of the public wishing to address the Council or a Committee shall hand a speaker card, which includes the speaker's name or other identifying designation, to the Sergeant-at-Arms prior to an agenda item being called. Failure to submit an intelligible speaker card prior to an item being called may preclude a member of the public from speaking during that particular public comment period. An electronic automated system to submit a request to speak may be implemented instead of a member of the public handing a speaker card to the Sergeant-at-Arms. When the Presiding Officer calls a speaker's name, the speaker promptly shall approach the podium in the center aisle of Council Chamber or Board of Public Works hearing room, or the table provided in Committee. Failure to approach the podium or table promptly may preclude a member of the public from speaking during the subject public comment period. Members of the public shall speak only from the podium or table. Speakers are requested to refrain from yelling into the microphone, as doing so presents difficulties for designated translators to accurately translate the speaker's comment. Each speaker promptly shall conclude all comments when his or her time to speak has expired. Speakers are not allowed to cede their time to other speakers. The Presiding Officer may exercise discretion in curtailing the duration of all speakers' comments based upon factors such as the length of the agenda, the number of public comment speaker cards submitted, the need for the Council or Committee to conclude its business as expeditiously as is practicable, and whether the Council or Committee is in danger of losing a quorum. The Presiding Officer may rule that a speaker is impeding the orderly conduct of the meeting if the comment is not germane to the agenda item under consideration, and the speaker may forfeit his or her remaining time on that item.

12. <u>Rules of Decorum</u>

During a meeting of the Council or Committee, there is the need for the Council or Committee to carry out the public business expeditiously in order to ensure that the public has an opportunity to be heard and that the Council or Committee has an opportunity for its deliberative process. While any meeting of the Council or Committee is in session, the following rules shall be observed:

a. A member of the public addressing the Council or Committee shall only do so from the podium or designated table and all comments shall be addressed to the Council or Committee as a whole or to the Presiding Officer, and not to any single Council or Committee member, City staff or member of the audience. A member of the public addressing the Council or Committee shall not engage in any conduct which disrupts the orderly conduct of any Council or Committee meeting.

b. No person in the audience at a Council or Committee meeting shall engage in conduct that disrupts the orderly conduct of any Council or Committee meeting, including, but not limited to, the utterance of loud, threatening or abusive language, whistling, clapping, stamping of feet, repeated waiving of arms or other disruptive acts.

c. All persons attending a Council or Committee meeting shall obey any lawful order or direction of the Presiding Officer or Sergeant-at-Arms.

d. Members of the audience and speakers shall not wear or display signs, placards, banners, hats, costumes or similar items at any time in the Council Chamber or Committee room that obstruct the view of other audience members. In no event shall signs, placards, banners, props or similar items be larger than 8 ½ by 11 inches, be illuminated or be attached to any pole, stick or other device.

e. No person shall interrupt Council or Committee members or the Clerk during a Council or Committee meeting.

f. No person, other than members of the news media and City staff, shall be admitted into the Council or Committee business area of the Council Chamber or Committee room (separated by a rope or other means from the aisles and public seating area), except upon the request of a Council or Committee member and consent of the Presiding Officer.

g. No person shall stand or sit within eight feet of either side of the entrance doors to the Council Chambers or a Committee meeting room. No person shall stand or sit in the center aisle of the Council Chambers or a Committee meeting room without the permission of the Presiding Officer or Sergeant-at-Arms. Persons in the seating area of Council Chambers or a Committee meeting room shall remain seated and refrain from standing in the seating area unless entering or exiting the seating area or unless having received permission of the Presiding Officer or Sergeant-at-Arms.

The Presiding Officer of the Council or Committee, with the assistance of the Sergeant-at-Arms, shall be responsible for maintaining the order of meetings. The Rules shall be enforced as follows:

The Presiding Officer has the authority to issue a warning to a person violating the Rules. If the person continues to violate the Rules and disrupt the meeting, the Presiding Officer may order that person to leave the meeting. If the person does not timely leave the meeting, the Presiding Officer may order the Sergeant-at-Arms to remove the person from the meeting.

Any person removed from a meeting shall be excluded from further attendance at that meeting, unless the decision of the Presiding Officer is overruled by a majority vote of the Council or Committee. The exclusion from the meeting shall be enforced by the Sergeant-at-Arms upon being so directed by the Presiding Officer. These enforcement provisions are in addition to the authority held by the Sergeant-at-Arms to maintain order pursuant to Rule 80 and pursuant to his or her lawful authority as a peace officer.

Any person failing to leave Council Chambers or a Committee meeting room after being ordered to do so by the Presiding Officer and who willfully resists, delays or obstructs removal by the Sergeant-at-Arms, may be subject to arrest for violation of the Penal Code or Los Angeles Municipal Code.

## CHAPTER III

**Presiding Officer**

13. The Presiding Officer shall take the Chair at the hour the Council is scheduled to meet, call the meeting to order, and except in the absence of a quorum, shall proceed to business in the manner prescribed by these Rules.

14. The Presiding Officer shall adhere to and enforce the Council Rules so long as consistent with the Charter and other governing law. The Presiding Officer may refer to and use Robert's Rules of Order Revised, for guidance, interpretation, or to supplement these Rules.

15. The Presiding Officer shall preserve decorum and shall decide all questions of order. The decision of the Chair shall prevail unless reversed by the vote of at least eight (8) votes on the question: "Shall the Chair be overruled?" A second is not required and the appeal shall be decided without debate.

16. The Presiding Officer shall cause all matters filed with, or presented to the Council to be referred to the appropriate Council Committee, except as otherwise provided by the Rules or where required by law to be first presented to the Council. The Presiding Officer shall cause a memorandum of such references to be furnished to each Councilmember.

    However, during a Council session a member may present a duly seconded motion that said member wants placed on the next Council Agenda to be posted for a regular meeting instead of having it referred to a Committee. If such request is approved by the Presiding Officer, he or she shall cause copies of the motion to be distributed to all other Councilmembers on the day received, and shall cause the item to be placed on said requested agenda. When the item appears on the agenda, it specifically shall note that a two-thirds vote of the entire Council is required for the item to be considered at that time. If the item fails to receive the required two-thirds vote, it then shall be referred by the Presiding Officer to the appropriate Committee

17. The Chair of a Committee, with the approval of the President, may waive consideration of any item pending in that Committee. Upon such waiver the item shall be placed on a Council Agenda to be posted for a regular or special meeting. When the item appears on the agenda, it shall specifically note that a two-thirds vote of the entire Council is required for the item to be considered at that time. If the item fails to receive the required two- thirds vote in order to be considered, it shall then be referred by the Presiding Officer back to the Committee from which it was waived.

CHAPTER IV

**COUNCIL MEETING DAYS AND TIME, ORDER OF BUSINESS, AND QUORUM**

18. Regular meetings of the Council shall be held on Tuesday, Wednesday, and Friday of each week in City Hall or, by resolution, in Van Nuys City Hall, recess dates established by resolution and holidays excepted, at the hour of 10:00 a.m.

    The Council may hold special meetings throughout the City. Public facilities shall be selected for off-site Council meetings, Council Committee meetings and ad hoc Council Committee meetings. Preference shall be given to City owned facilities, and if no appropriate public facilities are available, a motion must be presented for the Council's consideration and approval regarding the selection of a site; said motion shall contain all pertinent information, including all associative site costs.

    The City Clerk, with the assistance of the Chief Legislative Analyst, and other involved City departments, shall coordinate with the individual Council offices, the identification of appropriate facilities in each Council District for off-site Council and Council Committee meetings, and all other activities related to the conduct of these meetings. As feasible, all off-site Council meetings shall be broadcast live over the City's municipal access cable system (Channel 35).

19. All members shall be in their respective seats at said hour of each regular Council meeting and at the time set for the session of any adjourned or special meeting.

20. Special meetings may be held in City Hall or elsewhere in the City upon the call of the Presiding Officer or of a majority of the members, provided that notice prescribed by law is duly given.

*21. The City Clerk shall cause to be printed and posted for each meeting a list of all items to be considered at the meeting. The list shall be known as the agenda. The agenda shall contain a brief general description of each item to be transacted or discussed at the meeting. No other business may be considered except as otherwise provided by law.

22. The agenda shall reflect, and the business of regular meetings of the Council shall be transacted, as far as practicable, in the following order:
    a. Roll Call.
    b. Approval of Minutes.
    c. Commendatory Resolutions.
    d. Multiple Agenda Item Comment.
    e. General Public Comment (public testimony on non-agenda items within the jurisdiction of Council).
    f. Council hearings required by law.
    g. Items for which required public hearings have been held.
    h. Items for which required public hearings have not been held.
    i. Items for which future hearing dates must be set.
    j. Items called Special.
    k. Motions for posting and referral.
    l. Councilmembers' request for excuse from attendance at Council meetings.

m. Closed Session (can be heard early in the meeting).
n. Adjourning motions and Council adjournment.

*23. The Council may act in a regular meeting on an item not posted on its agenda for the meeting if it determines by a two-thirds vote that pursuant to state law there is a need to take immediate action and that the need for action came to the attention of the City subsequent to the posting of the agenda; or, if the item had been continued from a meeting of the body that had occurred not more than five (5) days prior; or, if a majority determines that an emergency, as defined by state law, exists.

24. Each member shall attend all regular and special meetings (except for illness) unless a leave of absence has been granted by a majority vote at a regular meeting at which a quorum is present.

No leave of absence shall be granted if such will result in a quorum not being present for that meeting.

*25. Ten members of the Council shall constitute a quorum for the transaction of business, but a smaller number may adjourn from time to time until a quorum is present and may compel the attendance of the absentees. Except as otherwise required by the Charter or other law, or by these rules where not inconsistent therewith, action by the Council shall be taken by a majority vote of the entire membership of the Council.

26. Whenever a member questions the presence of a quorum, the Presiding Officer shall direct the Clerk to call the roll and announce the result. There shall be no debate. Every member present must respond when his or her name is called.

27. No member shall be considered present unless the member is within the Council Chamber.

28. No member shall leave a Council meeting without permission from the Presiding Officer of the meeting. Once permission has been granted, and upon direction by the Presiding Officer, the City Clerk shall remove said member's name from Council's computerized record-keeping system.

29. Upon a call of the Council, if supported by a majority of the members present, whether quorum or not, the Presiding Officer shall have the power to send the Sergeant-at-Arms with a written order to bring the absent Councilmember forthwith before the Council.

30. Not used.

## CHAPTER V

## COUNCIL DISCUSSION AND TIME LIMITS

31. Members requesting to address the Council shall cause their requests to be tabulated on the Council's computerized record keeping system; however, a member may rise and address the Chair if recognized by the Presiding Officer. When two or more members rise at once, the Presiding Officer shall name the member who shall be first to speak and may consult the Council's computerized record keeping system for assistance. The members shall confine their remarks to the question under debate and shall avoid personalities.

32. Members may address the Council according to the following order and time limits:

    a. The Committee Chair or acting Chair may open debate if the member so desires; the maker of the original motion which initiated the matter under consideration shall be allowed to speak next, if that member desires; and the member calling the matter "special" may speak next, if that member so desires; this shall constitute the first opportunity for a member to speak.

       Whichever of the above members opens debate, he or she shall have up to six (6) minutes to so open debate. Each of the remaining Councilmembers may then speak up to three (3) minutes.

    b. After all members desiring to speak on a question have had an opportunity to be heard once, the time for each member desiring to speak again, or subsequently for the first time, shall be limited to a maximum of three (3) minutes.

    c. The maker of the original motion, then the member calling the matter "special" if such call caused the matter to be debated, and finally the appropriate Committee Chair, in that order, shall thereafter each have up to three (3) minutes additional time to close debate if there has been an intervening speaker before said member last spoke.

    d. A motion calling the "previous question" (to close debate) is not debatable. The maker of the motion calling the "previous question" must specify if the motion applies to the entire matter or portions thereof. Notwithstanding the vote on the previous question, the maker of the original motion and/or the Chair(s) of the involved Committee(s) may be recognized by the Presiding Officer to make closing arguments. If such motion is made after each Councilmember desiring to speak has twice had the opportunity to speak on a question, the call for the previous question may be adopted by eight votes, otherwise ten votes shall be required.

33. Not used.

CHAPTER VI

**RESOLUTIONS, CONTRACTS, REPORTS, AND ORDINANCES**

34. Resolutions and motions to amend agenda items under consideration, shall be presented in duplicate to the Presiding Officer and be authorized for distribution to other Councilmembers, unless the Presiding Officer permits, without objection, such motions to be oral. Other resolutions and motions shall be subject to Rule 21.

35. Commendatory resolutions may be presented at meetings of the Council if the posted agenda so provides.

36. A motion may be made to substitute one report or action for another on the same subject matter provided there is first a majority vote on the question of whether to substitute. If approved, a new vote shall be taken on whether to adopt the substituted report or action.

*37. No contract shall be authorized by the Council until it has been submitted to and approved by the City Attorney as to form and legality. If the City Attorney questions the legality of any proposed contract or portion thereof, that office shall express its written opinion thereon, to the Council.

38. Unless otherwise provided herein, no ordinance shall be introduced for adoption by the Council until it has been submitted to the City Attorney for review as to form and legality. If the City Attorney approves the ordinance as to form and legality, the City Attorney will so indicate in the transmittal of the ordinance to Council or to a Council Committee and sign the ordinance as to form and legality. If the City Attorney questions the legality of any proposed ordinance or part thereof ordered prepared by the Council or a Committee of the Council, the City Attorney shall express the reason(s) for not approving the proposed ordinance as to form and legality in the letter transmitting the ordinance to the Council or a Council Committee and shall not sign the ordinance as to form and legality. Before transmitting to the Council or to the Committee an ordinance that requires enforcement by an officer, board or commission of the City, the City Attorney, after preparation of the ordinance shall submit it to such officer, board or commission for comment and recommendation. The City Attorney shall indicate to the officer, board, or commission, whether or not the City Attorney is approving the proposed ordinance and the reasons therefor. Each proposed ordinance, whether or not approved by the City Attorney, shall be delivered to the Office of the City Clerk, who shall present the same forthwith to the Chair of the Committee which has had the subject matter under consideration. The Chair shall review the ordinance, ascertain whether it conforms with the instruction of the Council or the Committee, and shall return it to the City Clerk without unnecessary delay for placement on the Council or Committee Agenda.

This Rule shall not require that any zone change, building line or height district ordinance or any appeal of a zone change, building line or height district ordinance be submitted to the City Attorney for approval as to form and legality. The City Planning Department shall review such ordinance or appeal and shall consult with the City Attorney to assure that the final ordinance is in proper form, the "Q" conditions are properly prepared and that the correct findings are prepared for Council adoption. Notwithstanding this exception, the Council, its Planning and Land Use Management Committee, the City Planning Commission, an individual member of an Area Planning Commission, an Area Planning Commission, or an individual member of the Commission may request City Attorney review. In that event, the regular process otherwise provided by this Rule shall be followed.

*39. An ordinance may be adopted upon its introduction if approved by a unanimous vote of all the members of the Council present, provided there shall not be less than 12 members present.

Any Councilmember may withhold unanimous consent to the adoption of an ordinance upon its introduction at Council. If unanimous consent is withheld, or the requisite vote for its adoption is not forthcoming at said time, the ordinance shall be laid over for one week and listed on the posted agenda for another roll call.

*40. If an ordinance is laid over for a week for another roll call, it may then be adopted by majority vote, unless a different vote is required by Charter or other law; or, it may be amended, or it may be continued to a date certain provided such continuance is not precluded by law.

41. Any ordinance may be amended by motion in writing prior to its final passage, subject to Charter limitations; provided, that upon amendment it shall be treated as a newly introduced ordinance and be subject to both Rule 38 and further City Attorney review.

42. Deleted.

43. Every ordinance, resolution or order, except ordinances for public improvements in connection with special assessment proceedings or final tract maps or parcel maps, shall be referred to the appropriate Council Committee prior to its introduction for adoption or approval by the Council, unless the subject matter of the ordinance, resolution, or order has previously been approved by such Committee.

44. Not used.

CHAPTER VII

## APPOINTMENT AND REMOVAL OF CITY COMMISSIONERS AND OFFICERS

45. Proposed appointments and removals of commissioners or other officers by the Mayor, requiring confirmation or approval by the Council, shall be referred first to the appropriate Council Committee for recommendation and report with respect to the appointment or removal subject to Rule 46.

A copy of the Mayor's action and notice of the referral shall be transmitted by the Clerk to the Councilmember for the Council district in which the subject of the action resides. Said Councilmember and the members of the Committee, shall be given the opportunity to meet the person who is the subject of the proposal.

46. In the event the Mayor or the President of the Council has recommended the appointment of a commissioner, and the Council has not acted on the matter or placed it on an agenda for action:

a. The Clerk shall give a written notice to each Councilmember not later than the last regular meeting day before the 31st day after the recommendation of the Mayor or the Council President was submitted to Council. The notice shall identify the date of the 45th day provided by the Charter or ordinance that the Council may act after the recommendation was submitted, and the date of said day.

b. The Clerk shall place the appointment on the Council Agenda not later than the last regular meeting day before the 38th day after the recommendation was submitted to the Council and shall notify the appointee of that action.

47. Not used.

## CHAPTER VIII

## VOTING

48. a. When the Presiding Officer directs the roll call, it shall be taken by means of the Council's computerized record keeping system, except where said officer directs that it be taken orally. If an oral roll call is taken, it shall be taken in alphabetical order, beginning at the left of the President's Chair.

Upon direction of the Presiding Officer, the Clerk shall tabulate the vote in such a manner that the mechanical tabulation of results occurs simultaneously with the visual display of those results.

Every member present when a question is put shall vote for or against the same. In the event a member fails to affirmatively vote either "yes" or "no," that member will be deemed to have voted "yes," and the member's vote will be recorded as such. Whether the roll call has been mechanically tabulated or oral, the Clerk shall announce the vote. The Presiding Officer shall then announce the disposition of the item.

b. A member may change his or her vote after it is tabulated, if the change does not affect the outcome of the vote, and if the Council does not object by majority vote to such change. Otherwise, a member wishing to change his or her vote must receive approval of reconsideration, and a new roll call must be taken.

*49. Roll calls are required in the granting of franchises, confirmation of appointments, approval of contracts, disposition of property, actions on ordinances, or any action involving the payment of money or the incurring of debt by the City, assessment proceedings, and quasi-judicial actions adopting findings and making determinations, or as otherwise required by law, and motions to reconsider made pursuant to Rule 51. On other matters, if opportunity is given and no objection is raised, the Presiding Officer may announce a unanimous approval of an item under consideration and the Clerk shall so record.

50. Not used.

CHAPTER IX

**DISPOSITION OF ITEMS**

51. Any member of Council may move to reconsider any vote on any question except to adjourn, suspend the Rules, or to reconsider, or where an intervening event has deprived the Council of jurisdiction, provided that said member had voted on the prevailing side of the question. The motion shall only be in order once during the legislative day in which the given question was voted upon, and once during the next regular meeting.

If a motion to reconsider is first made at the next regular meeting after the question first had been voted upon, the member requesting reconsideration shall identify for all members present the agenda number, Council file number and subject matter previously voted upon. A motion to reconsider is not debatable and shall require an affirmative vote of eight members of the Council.

If a motion to reconsider is adopted, the subject matter shall be the next order of business after that which is before the Council at the time of the motion. This limitation shall not apply if the motion for reconsideration specifies a different time for further consideration of the subject and appropriate posting thereafter takes place where required by law.

No ordinance, appropriation measure, contract, or other matter passed by the Council shall be processed to the Mayor or other designated officer or finally acted upon by the City Clerk until the adjournment of the regular Council meeting following the date of the Council action. A motion to send "forthwith," if adopted by 10 votes, shall suspend this Rule and the action of the Council will be final upon the adjournment of the Council meeting and cannot be reconsidered. Moreover, Council may send "forthwith" items requiring urgent or immediate processing prior to adjournment of the Council meeting. Such items shall be deemed to have been sent "urgent forthwith" and cannot be reconsidered immediately upon the adoption by 10 votes of a Motion to suspend this Rule and send the matter as "urgent forthwith."

52. An ordinance, appropriation measure, contract, or other matter passed by the Council and required to be submitted to the Mayor, or other designated officer, shall be subject to Rule 51.

53. If an agenda item or other item has been duly placed before the Council at a Council meeting and the Council has failed by sufficient votes to approve or reject the item, or the Council has not by its vote placed the item beyond its jurisdiction at the meeting, or by operation of law, or by passage of time the Council has not lost the power to act thereon, the item is continued to the next regular meeting unless the Council affirmatively votes to continue the item beyond such next meeting.

Each Council Agenda shall indicate that if the Council has not lost jurisdiction over an item voted upon at the meeting, or caused it to be continued beyond the next regular meeting or placed in the archives, the item is continued to the next regular meeting for the purpose of permitting reconsideration of the vote.

Any item so continued to the next regular meeting shall be considered at said meeting. The Clerk shall provide the Council with, and post a notice of, a list of such items.

*54. A motion to withdraw a matter from a Committee shall be referred by the Presiding Officer to the Clerk for placement on the next agenda to be posted for a Council meeting. The motion to withdraw may then be adopted by majority vote after two weeks from the time the matter was originally referred to Committee, or by a two-thirds vote if the matter had been referred to Committee less than two weeks before Council action on the motion to withdraw. Adoption of the motion to withdraw places the matter before the Council. The motion to withdraw must have attached thereto a copy of the underlying matter being withdrawn.

Unless such a motion to withdraw appears on the posted agenda for the meeting, the Council must, as a part of said action, determine by a two-thirds vote that pursuant to state law there is a need to take immediate action and that the need for action came to the attention of the City subsequent to the posting of the agenda.

55. Not used.

CHAPTER X

**SPECIAL MEETINGS**

*56. The proceedings of special meetings of the Council and its Committees shall be limited to those items provided for on the agenda of the meeting. The agenda for special meetings shall be posted at least 24 hours before the meeting.

57. Not used.

CHAPTER XI

**COMMITTEES AND COMMITTEE MEETINGS**

*58. The Standing Committees of the Council shall be those provided pursuant to Section 242(b) of the Charter and their duties and functions shall be as prescribed in the Charter, ordinances, resolutions and these Rules.

59. The President shall appoint all Standing Committees and their Chair and Vice Chair. Special Committees shall be appointed by the President unless the Council-adopted action creating the Committee provides a different method of appointment.

The Vice Chair of a Committee shall preside at all meetings of the Committee in the absence of the Chair and attend to the affairs of the Committee in the absence of the Chair.

The President-designated third member of a Committee shall preside as Chair at meetings of the Committee in the absence of both Chair and Vice Chair, when there has been at least one substitute appointment to the Committee by the President and a quorum is present.

60. It shall be the duty of the Chair of a Committee, or in his or her absence, the Vice Chair, or in absence of both, then the Chair Pro Tempore to request the President of the Council to appoint a Councilmember temporarily to serve on the Committee in the absence of a regular member of the Committee. The President shall notify the City Clerk of his or her appointment.

*61. The agenda for each regular meeting of a Council Committee shall be posted at least 72 hours before the meeting. It shall contain a brief general description of each item of business to be transacted or discussed at the meeting.

62. Each Committee shall provide an opportunity for members of the public to address the Committee on each agenda item before or during the Committee's consideration of the item consistent with Rule 7. A member of the public wishing to speak on only one item that is eligible for public comment shall be given an opportunity to speak on that item for up to one minute when or before that item is considered by the Committee. Similar to Rule 7, a member of the public wishing to speak on more than one agenda item at a single Committee meeting shall combine and present his or her comments addressing the agenda items during the segment at or near the beginning of the Committee meeting during a "Multiple Agenda Item Comment" segment. A member of the public speaking on more than one agenda item shall be allowed to speak for up to one minute per item up to a total of two minutes per meeting. This will be the only opportunity to speak, other than during General Public Comment, for those members of the public who have submitted speaker cards on more than one Committee agenda item. The Council has determined that a cumulative total of eight minutes is a reasonable minimum amount of time for the Multiple Agenda Item segment of each regular Committee meeting. On each Committee meeting agenda, the Clerk shall designate any agenda items that are linked by a common specific issue. The Presiding Officer may allow members of the public who submit speaker cards on linked agenda items to make their public comment when the items are considered by the Committee.

CHAPTER XI

63. During each Committee regular meeting, the Committee shall provide a member of the public the opportunity to address the Committee on non-agenda items within the subject matter jurisdiction of the Committee consistent with Rule 7. This shall be referred to as "General Public Comment," which generally shall be taken up during the beginning segment (General Public Comment) of each regular meeting. Each speaker shall be limited to one minute of general public comment per meeting. The Committee shall not discuss or take action relative to any general public comment unless authorized by Section 54954.2(b) of the Government Code. The Council has determined that a cumulative total of eight minutes is a reasonable minimum amount of time for the General Public Comment segment of each regular Committee meeting. If the Committee does not have a quorum of Committee members present, an official Committee meeting shall not proceed. However, in the absence of a quorum and therefore outside the context of an official Committee meeting, the Committee Chair, at his or her discretion, may hear from members of the public who came to attend the Committee meeting. If the Committee Chair hears from members of the public when there is no quorum, the rules pertaining to public comment with respect to a Brown Act meeting do not apply. If a quorum of Committee members is later established, the Committee shall convene into its official Committee meeting and general public comment and public comment on agenda items shall be allowed even if members of the public were heard by the Committee Chair during the time no quorum was established.

A member of the public who disrupts and is ordered removed from a Committee meeting shall be excluded from attending Committee and/or Council meetings as provided in Rule 7.

Prohibition on Use of N-word and C-word Epithets

Public speakers in Committee are subject to the same rules regarding the N-word and C-word as provided in Council Rule No. 7.

*64. A Committee of the Council may act in a regular meeting on an item not posted on its agenda for the meeting only if it determines by a two-thirds vote that pursuant to state law there is a need to take immediate action and that the need for action came to the attention of the City subsequent to the posting of the agenda; or if the item was continued from a meeting of the committee which occurred not more than five (5) days prior to which it had been posted; or if a majority determines that an emergency, as defined by state law, exists.

65. No person shall be permitted to interrupt Committee members or the Clerk during a Committee meeting.

66. Members of a Committee shall attend all meetings and remain until the Committee adjourns unless excused by the Chair.

67. All Standing Committees of the Council shall meet regularly at least once each month, and the Clerk shall cause information to be printed on paper as well as posted on the Internet giving notice of the time and place of the holding of all regularly scheduled Committee meetings. Special meetings of Committees may be held in City Hall or elsewhere in the City upon call of the Chair or of a majority of the members of the Committee, provided that notice is duly given and posted as prescribed by law.

## CHAPTER XI

68. Committees shall report their findings and recommendations on matters referred to them to the Council.

69. Committee reports shall reflect only that which transpired at the Committee meeting, and whether the public was afforded the opportunity to address the Committee on the item. If the majority of the entire Committee has reached an agreement on a recommendation, they shall sign the Committee report. If a majority of the members of the entire Committee are not in agreement on a recommendation, they shall sign the report and it shall be noted that the report is submitted to the full Council without recommendation. Reports submitted without recommendation would require a Council motion to take an action on the file. A majority vote of Council would be required to approve the action recommended, unless a different vote is required by law. Nothing contained herein shall prevent a minority of the Committee from submitting its report at the time the majority report is submitted; however, a minority report is for information purposes only unless by adoption of a motion it is substituted for the majority report.

70. Nothing contained herein shall prevent one member of a Committee from submitting a communication and the applicable Council file to the Council if said file had been on the agenda of the Committee for a duly noticed regular or special meeting attended by said member, and the Committee had failed to act due to lack of a quorum.

The Clerk shall place the communication as an item on the agenda for a future meeting as may be requested by the member so long as it complies with the public notice requirements of these Rules and other applicable law.

Communications from Committee members under this Rule require a motion adopted by ten (10) votes of the Council to consider the item, and thereafter a majority vote to approve, modify, or reject is required, unless a different vote is required by law. When the item appears on the agenda, it specifically shall note that a two-thirds vote of the entire Council is required for the item to be considered at that time. If the item fails to receive the required two-thirds vote for consideration, it then shall be referred by the Presiding Officer to the appropriate Committee.

71. Committee action shall be by majority vote of the entire Committee. A member of a City Council Committee who is present when a question is put to that Committee shall vote on that question at the call of the roll thereon. In the event a member fails to affirmatively vote either "yes" or "no," that member will be deemed to have voted "yes," and the member's vote will be recorded as such.

72. The Presiding Officer shall indicate when a matter is to be referred to two or more Committees for separate action of each Committee. The Committees may then meet separately or together. However, a majority of the members of each Committee shall be required to be present for quorum purposes of each said Committee, and shall be required to sign any report involving matters acted on by them.

The Presiding Officer shall also indicate when a matter is to be referred to two or more Committees for joint action. In said event it shall only be considered by a joint Committee composed of the members of said separate Committees at a duly posted meeting as agreed upon by the Chairs of the respective Committees. A majority of the total number of the Committee members shall be required to be present at a joint Committee meeting for quorum purposes and for any report of the joint Committee.

CHAPTER XI

73. A Committee may refer a Council file to one or more other Committees for information and return; however, with the concurrence of the Council President and notice to the City Clerk by the Council President, a file may be transferred to another Committee for report directly to the Council.

74. Subject to the requirements of state law, any member of the Council may attend any open-session meeting of a Standing Committee; a Committee or task force created by the Council or the President of the Council, whether created by appointment or by ordinance; or the Board of Referred Powers.

75. Not used.

CHAPTER XII

**RULES**

*76. These Rules or any one or more of them, except those marked by an asterisk (*), may be suspended by a vote of two-thirds of the members of the Council, unless other legal impediments exist.

77. An affirmative vote of two-thirds of all members of the Council shall be necessary to amend these Rules. Each proposed Rule amendment shall be presented to the Council and then laid over one week before it can be adopted.

78. A copy of these Rules and each Council and Council Committee agenda shall be available for public review at the Office of the City Clerk.

79. Not used

CHAPTER XIII

## ASSIGNED DUTIES

80. The Sergeant-at-Arms of the Council shall be a police officer assigned by the Chief of Police. There shall be at least one member so assigned and present at each meeting of the Council. The officer shall maintain order and enforce the orders of the Council and the Presiding Officer. Fifteen minutes before any Council meeting and while Council is meeting, the officer shall remove all unauthorized persons from the business area of the floor of the Council and conduct them to the seating area reserved for the general public.

81. It shall be the duty of the City Clerk to keep a complete record of the proceedings of the City Council meeting in the form of a Journal and to have the Journal containing the proceedings of the meeting printed and copies thereof, placed in the hands of each member of the Council, before the second succeeding regular meeting convenes. All reports submitted by Committees, and communications submitted under Rule 70 shall constitute a part of the proceeding for each meeting.

82. The City Clerk shall keep index records convenient for reference of all matters introduced or presented to the Council and its Committees, together with a complete chronological record of all actions taken thereon by the Council and its Committees.

83. The City Clerk shall notify all members of the Council of the time set for any special or adjourned meetings, and shall, at the request of the Chair of a Committee, call all members of the Committee and notify parties interested in the matters pending before Committee as to the time and place and subject matter of the meeting.

84. The minutes from each Council meeting shall be signed by the officer presiding at that meeting and by the Clerk, after approval of said minutes by the Council.

*85. Representatives of the City Attorney, the City Clerk, and the Chief Legislative Analyst shall attend all Council meetings for the purpose of giving necessary service and advice. Unless the Council objects, the Presiding Officer at his or her discretion, may excuse any or all of said representatives except the City Clerk, from attending any Council meetings when it appears to said officer that the matters to be considered at the meeting will not require the services of the excused representative. The City Clerk representative shall act as Clerk for those meetings and shall maintain a record of proceedings at all Council and Council Committee meetings, and shall record the "ayes" and "noes" upon all questions, as provided in Rule 48.

Representatives of the City Administrative Officer, the Controller, the City Engineer, and other City offices, bureaus, and departments may attend Council when in their opinion such is necessary. If not in attendance they shall respond without delay to a request of the Council or the Presiding Officer for attendance at the meeting to furnish advice and necessary service.

86. Not used.

CHAPTER XIV

## CENSURE PROCEDURES FOR THE LOS ANGELES CITY COUNCIL

87. Disapproval

The Council may adopt a resolution of disapproval in the same way as provided for the adoption of any resolution, provided that the Councilmember who is the subject of the resolution is permitted to speak in his or her defense prior to action on the motion for adoption of the resolution. However, the fact that the Councilmember who is the subject of a disapproval resolution does not choose to respond to the resolution or does not attend the meeting at which the resolution is to be adopted shall not prevent the Council from adopting the resolution, provided the Councilmember had actual notice of the inclusion of the resolution on the agenda and had a reasonable opportunity to attend the meeting.

88. Censure

A request for censure of a member of the Council may be submitted to the City Clerk by any member of the Council. The request shall contain the specific charges on which the proposed censure is based. The request for censure shall be considered by a five member ad hoc Committee of the Council established by the President of the Council or, if the President is the subject of the censure, then established by the President Pro Tempore. The ad hoc Committee shall not include the member making the request or the member who is the subject of the request. The City Clerk shall deliver a copy of the request for censure and the charges to each member of the Council at least 72 hours prior to the first meeting of the ad hoc Committee at which the request will be first considered. The Committee shall permit testimony from both the member making the request and the member subject to the request and shall determine whether: (a) further investigation of the charges is required in order to determine if a censure hearing is warranted; or (b) the matter is to be set for censure hearing; or (c) no further action should be taken with respect to the request. The Committee shall present its recommendations to the Council for its consideration and action as provided below.

If the ad hoc Committee determines no further action should be taken with respect to the request, the Committee shall report that to the Council at its earliest opportunity. If the Committee determines that further investigation is required, the Committee shall conduct an investigation, arrive at its recommendation, and report its conclusions, findings and a summary of its proceedings to the Council at its earliest opportunity. If the ad hoc Committee does not report its recommendations and findings to the Council within 30 days of the formation of the Committee and receipt of the request for censure, the matter shall automatically be sent to the Council for its consideration.

Upon receipt of the report of the ad hoc Committee, or at the expiration of the time for the ad hoc Committee to report, Council shall place the matter on its agenda to determine whether or not a censure hearing is warranted. If the Council decides to set the matter for a censure hearing, it shall schedule it no sooner than two weeks after its determination to hear the matter. It may not schedule the matter during any previously scheduled excused absence of the subject Councilmember. Written notice of the hearing shall be delivered in person to the member of the Council subject to the censure hearing or to the member's City office as least ten (10) days in advance of the scheduled hearing.

At the censure hearing, the member of the Council who is the subject of the request for censure shall be given the opportunity to make an opening and a closing statement, to call witnesses on his or her behalf and to question his or her accusers. The member subject to the charges may be represented by a person or persons of his or her choice whether or not an attorney at law and may have that representative speak or question witnesses on his or her behalf. The questioning or cross-questioning of witness may be reasonably limited by the person chairing the hearing.

Testimony shall be taken only from witnesses having direct knowledge of facts or circumstances relevant to the specific charges under consideration. However, the rules of evidence and judicial procedure applicable in courts of law shall not be application to this hearing, and the procedures shall be generally informal.

CHAPTER XV

**MISCELLANEOUS PROVISIONS**

*89. All tort claims filed with the City Clerk for presentation to the Council shall first be referred to the City Attorney for report and recommendation to the Council. In the event that by reason of applicable law any such claim shall be deemed denied because of lack of action thereon by the Council within the time specified by such law and the Council has not acted thereon within such applicable time limitation, the City Clerk shall file the report and recommendations of the City Attorney thereon without presentation to the Council and the City Clerk shall notify the claimant of such action and the reason therefor.

90. Whenever Council office space becomes vacant, all requests by Councilmembers for such office space or for office furniture or equipment shall be submitted to the President of the Council, for review. The President shall consider all the factors involved, including Council seniority.

*91. The Council shall not consider any resolution, motion, or matter which does not affect the conduct of the business of the City of Los Angeles or its corporate powers or duties as a municipal corporation nor shall the Council consider any resolution or motion supporting or disapproving any legislation or action pending in the Legislature of the State of California, the Congress of the United States, or before any officer or agency of said State or nation unless such proposed legislation or action, if adopted, will affect the conduct of the municipal business or the powers and duties of the City of Los Angeles or its officers or employees. This Rule may only be invoked before deliberation and by ten (10) affirmative votes on the question: "Shall the Council consider this matter"?

92. The Los Angeles City Council Memorial Media Center (Media Center) is to be used primarily for the purpose of facilitating the exchange of information between members of the City Council and the news media. It is intended for the exclusive use of City elected officials and staff, and their invited guests, with Councilmembers having first priority on its use.

All personal interviews and photo sessions with Councilmembers and others should be held within the confines of the Media Center whenever possible; however, no such activities may be held in the hallway adjacent to the Media Center at the entrance to the Council Chamber while it is in use.

The Media Center will be open from 8:30 a.m. until 4:30 p.m., Monday through Friday, exclusive of holidays.

Scheduling of the use, operation and the setup of the Media Center for various events, shall be the responsibility of the Chief Legislative Analyst. Requests for its use should be in writing, and events will be scheduled as far in advance as practical. All requests shall be handled on an as received basis, with Councilmembers having priority for its use in the event of conflicting requests by other elected City officials.

In the event of other or conflicting requests for the use of the Media Center, the President of the Council shall have authority to approve such request or resolve any such conflicts in consultation with those involved.

The Sergeant-at-Arms will control access to the Media Center in accord with its intended and scheduled use. The Sergeant-at-Arms will also maintain order, and enforce the rules and orders of the Council and the Presiding Officer regarding its use.

93. The purpose of cablecasting various meetings and events of the Los Angeles City Council, its Committees, and its members is to enhance the awareness and education of the general public regarding the actions and deliberations of the City Council and its members. The following provisions are adopted pursuant to that purpose:

a. COUNCIL MEETINGS

All City Council meetings shall be cablecast, except for meetings or portions of meetings which are closed to the public, or when the Council directs otherwise. Cable television coverage of City Council meetings shall be gavel-to-gavel, and, whether presented to the public live or taped, are not to be edited or subjected to editorial comments. Cameras used for the gavel-to-gavel coverage shall be owned by the City and operated only by City employees or persons under contract with the City. Cameras shall be operated so that they are focused only on the officially recognized speaker, and on any visually displayed information being shown. A City- operated character generator at the bottom of the picture may indicate the name and title of the officially recognized speaker, and an identification of the matter(s) being considered by the Council when appropriate and possible. No "reaction" shots will be permitted.

The City Clerk's minutes shall remain the official records of the Council proceedings, and video or audio tapes may be used as an aid in the preparation of those minutes.

b. COUNCIL STANDING COMMITTEES, SPECIAL OR AD HOC COMMITTEES, TASK FORCES, AND OTHER SPECIAL EVENTS OR MEETINGS.

<u>Live Coverage</u>

Meetings of Council Standing Committees, special or ad hoc Committees, task forces, and other events scheduled by City elected officials may be televised live over the City's municipal access cable system (Channel 35), provided such events are held in Council Chamber (Room 340) or in the Council's Memorial Media Center (Room 336), and all of the following conditions are met:

(1) A written request for such live cable television coverage has been submitted to the Council President by the elected official who is chairperson or the person responsible for scheduling the meeting or event, and such request has been approved in advance of the event by either the Council President or by Council action at the option of the President.

(2) The date and time of such live cable television coverage are not in conflict with a regular or special Council session; a meeting of a Council Standing Committee regularly scheduled for the Council Chamber; or a special or ad hoc committee, task force, or an event which has been scheduled for the Council Chamber or the Memorial Media Center at least 24 hours prior to the President receiving the written request for live cable television coverage of the meeting or event, unless the Council acts to approve the preemption by such live cablecasting of the meeting or event.

(3) The meeting or event is directly related to matters under the jurisdiction of the Council, unless the Council has acted to approve the meeting or event being held in Council Chamber or the Memorial Media Center and the live cablecasting of the meeting or event.

(4) All of the provisions for the live cable televising of Council meetings are meet.

<u>Video Taped Coverage</u>

All or portions of meetings of Council, standing Committees, special or ad hoc committees, task forces, or other events that are scheduled and held in the Council Chamber, a Council Committee meeting room, or the Memorial Media Center, or other approved location may be videotaped for a later telecasting over the City's municipal access cable system (Channel 35).

The Chair of the Committee or task force, subject to being overruled by a majority vote, or the person scheduling the event shall decide whether all or a portion of the meeting is to be videotaped. Such videotaping should be consistent with provisions relative to live coverage of meetings whenever possible, but "editing" and "reaction shots" shall not be permitted.

Pending, and until, the implementation of municipal cable television program policy guidelines, the General Manager of the Information Technology Agency shall consult with the Chairperson of the Committee or task force or the person in charge of the event as the case may be, and the President of the Council, to decide if and when all or portions of the videotape(s) of the meeting or event will be cablecast on Channel 35. However, such cablecasting shall not be in conflict with the regularly scheduled cablecasting of Council sessions or other live coverage of meetings, unless it is so directed by the President or by action of the Council at the option of the President.

APPENDIX

## VERBAL MOTIONS

| | | Need for Second | Vote | Debat-able | Can Be Recon-sidered |
|---|---|---|---|---|---|
| (a) | Amend or substitute: | Yes | 8 | Yes | Yes |
| (b) | Adjourn: | Yes | 8 | No | No |
| (c) | Adjourn (proceed to): | Yes | 8 | No | Yes |
| (d) | Close Debate (previous question) | | | | |
| | If all had opportunity to speak twice: | Yes | 8 | No | Yes |
| | If they did not: | Yes | 10 | No | Yes |
| (e) | Continue (postpone) to a time or date certain: | Yes | 8 | Yes | Yes |
| (f) | Divide Question: | Yes | 8 | No | No |
| (g) | Forthwith (suspend Rules): | Yes | 10 | No | No |
| (h) | Lay on Table temporarily or remove: | No | Chair | Yes | No |
| (i) | Point of order or Privilege: | No | Chair | No | No |
| (j) | Overrule the Chair: | No | 8 | No | No |
| (k) | Reconsider: (by member on prevailing side only) | Yes | 8 | No | No |
| (l) | Withdraw from Committee | | | | |
| | Over 2 weeks: | Yes | 8 | Yes | Yes |
| | Less than 2 weeks: | Yes | 10 | Yes | Yes |
| (m) | Suspend the Rules (forthwith, or take out of order): | Yes | 10 | No | No |
| (n) | Vetoes**: | Yes | Variable | Yes | No |

**On veto votes, an "aye" vote overrides, a "no" vote sustains the Mayor on the question Notwithstanding the veto (or objections) of the Mayor, I move the re-adoption of the ordinance (other)."

INDEX

## A

**ABSENCE OF COUNCILMEMBER**
From Committee Meetings 59, 60, 66
From Council Meetings 22, 24
Replacing at a Committee Meeting 60
Summoning Member to Council 29

**ACTION, COUNCIL**
Chronological Record of 81, 82, 84
Failure to Take Action 53
Items Not on Agenda 23

**ADJOURN**
Meetings 22, 25

**AGENDA OF COUNCIL MEETINGS**
Action on Items Not on 23
Compiled and Printed by City Clerk 21
Contents of 21, 22
Defined 21
Items, Designation of 6
Order of Business 22
Ordinances on 6, 38, 39, 53
Posting for Council 6, 56
Posting for Special Meetings 56
Unfinished Business, Continued on 53

**APPEAL**
From Decision of Chair 15

**APPOINTMENTS**
By Council President or Presiding Officer 4, 5, 59, 60
Of Assistant Pro Tempore 4
Of Council Committees 59
Of Temporary Chair 5
Of Temporary Members of Committees 60
By Mayor
Clerk's Duties 46
Council Action on 46
Meeting Council District Member 45
Referred to Committee 45

**APPROPRIATIONS**
Presentation to Mayor 51, 52

**ARCHIVES**
Placement in 53

INDEX

**ASSESSMENT PROCEEDINGS**
Ordinances re 43
Roll Call, No Suspension of 49

**ASSISTANT PRESIDENT PRO TEMPORE**
Appointment and Duties 4

**ASTERISK**
Use re Suspension of Rules
(*Marks Rules which May Not Be Suspended) 76

**ATTENDANCE AT MEETINGS**
Members 19, 24, 28, 29, 60, 66, 74
Other City Officers 85
Right of Members to Attend Closed Meetings 74

**B**

**BOARDS**
Communications from 16, 22
Confirmation of Appointment or Removal of
Members 45, 46

**BUSINESS, COUNCIL**
After Reconsideration of Vote 51
Agenda 6, 21, 22
Index and Chronological Record of 82
Matters Not on Agenda 23, 56
Non-City Matters 91
Order of 22
Unfinished, Continuation of 53

**BYPASS OF COMMITTEES**
Motions 16

**C**

**CENSURE**
Procedures 87, 88

**CHAIR**
Addressing, Method of 31
Election 1
Overrule of 15
Replacement or Removal of 3
Temporary Occupancy of 5

**CHANGE OF VOTE**
When Permissible 48(b)

**CHIEF LEGISLATIVE ANALYST**
Council Meetings, Attendance at 85

**CITY ADMINISTRATIVE OFFICER**
Council Meetings, Attendance at 85

**CITY ATTORNEY**
Contracts, Approval as to Form and Legality 37
Council Meetings, Attendance at 85
Opinions, Written 37, 38
Ordinances, Approval as to Form and Legality 38, 41
Tort Claim Referral and Report 87

**CITY CLERK**
Duties re Council
Agenda, Compile and Deliver 21
Agenda, List of Items Continued 53
Agenda, Placing on Without Referral to Committee 3, 16
Appointment of Temporary Committee Member Notice, 60
Availability of Copy (Agenda and Rules) 78
Council and Committee Actions, Keep Records and Index of 82
Election of President, Preside Over 1
Interruption 9, 65
Journal, Compile and Deliver 81
Meetings
Committee, Attend 85
Council, Attend 85
Notice re 21, 56, 83
Standing Committees, Information 67
Minutes, Sign 84
Motion to Withdraw an Item from Committee 54
Notice re Commissioner Confirmation Date 46
Ordinances
Place on Agenda 38
Present to Mayor 51, 52
Referrals of Items to Committees 16, 73
Roll Call of Members 26, 48, 49, 71
Vote, Announce or Record 48, 71
Tort Claims, Referral and Special Duties 89

**CITY ENGINEER**
Council Meetings, Attendance at 85

**CLAIMS, TORT**
Referral, and Clerk's Duties 87

**CLOSE DEBATE**
Motion for Previous Question 32(d)

**COMMENDATORY RESOLUTIONS**
Presentation 22, 35

**COMMISSIONERS**

Appointees Meeting with Committees and District Councilmember 45
Confirmation of Appointment and Removal 45, 46

**COMMITTEES, COUNCIL**

Action, Record of 82
Agenda 61, 64
Bypass of Referral to 16
Communication from One Member 70
Matters Waived from 17
Matters Withdrawn from 54
Meetings
  Acting on Items Not on Agenda 64
  Announcement of 61
  Attendance by Member 66, 74
  Cablecast of 93(b)
  Interruption 65
  Joint or Separate 72
  Majority Vote 71
  Notice 56, 67, 83
  Posting Agenda 61
  Public Hearing Opportunity 7, 62, 63, 69
  Quorum 70, 72
  Reports of 69
  Special Meetings 59
  Time and Place of 67
  Vote 71
  Who Presides 59
Referrals to and between 16, 72, 73
Reports and Communications 69, 70
Standing Committees
Appointment of 59
  Chair 59
Appointment of 59
  Duties 58, 60
  Members 59
Appointed by 59
  Excuse from Meetings 66
  Functions 58
  Temporary Appointment (and Notice of Clerk re) 60
  Withdrawal from 54

**COMMUNICATIONS**

From a Committee Member 70
On Agenda 22, 70
Order of Business 22
Received from City Officials, Departments 16, 22
Vote Required 70

| | Rule |
|---|---|
| **COMPUTERIZED RECORD KEEPING SYSTEM** | |
| Use of | 31, 48 |
| **CONTINUED ITEMS** | |
| Disposition | 53 |
| **CONTRACTS, FORM AND LEGALITY** | |
| Approval of | 37 |
| City Attorney's Opinion re | 37 |
| Presentation to Mayor | 51, 52 |
| **CONTROLLER** | |
| Council Meetings, Attendance at | 85 |
| **COUNCIL, CITY** | |
| Admittance to Business Area | 10 |
| Cablecast of | 18, 93(a) |
| Censure procedures | 87, 88 |
| City Clerk Attend Meetings | 85 |
| Discussions and Debate | |
| Appeal of Chair Ruling, Not Debatable | 15 |
| Interruptions Prohibited | 9, 80 |
| Opening and Closing | 32 |
| Recognition for Discussion | 31 |
| Time Limits | 32 |
| Meetings of | 18 |
| Notice | 6, 21, 56 |
| Members, Rights, and Duties | |
| Attendance at Meetings | 24, 27, 28, 74 |
| Minutes | 84 |
| Speaking at Meetings | 31, 32 |
| Voting at Meetings | 84 |
| Officers | |
| Assistant President Pro Tempore | 4 |
| President | 1 |
| President Pro Tempore | 2 |
| Order of Business | 22 |
| Public Hearing Opportunity | 7, 8, 11, 22 |
| Quorum | 25 |
| Recess | 18 |

**D**

| | |
|---|---|
| **DECORUM,** | |
| Rules of | 12 |

**E**

| | |
|---|---|
| **ELECTION** | |
| President | 1 |
| President Pro Tempore | 2 |

Rule

**EPITHETS**
Prohibition on Use of N-word and C-word 7, 63

**F**

**FILES**
Transfers to Other Committees 73

**FORTHWITH TO MAYOR**
Motion to Send 51, 52

**H**

**HEARINGS**
Continued 53
Order of Business 22
Public 7, 8, 11, 22, 62, 63
Special Time Set for 22

**I**

**INDEX**
Council Records 82

**INTERRUPTIONS**
Of Meetings 9, 65, 80
Disruptions 7

**J**

**JOURNAL**

Compilation and Delivery 81
Proceedings Recorded in 81

**L**

**LEAVE OF ABSENCE**

Provision for 22, 24

**M**

**MAYOR**
Appointments of, Action on 46
Forthwith, Motion 51, 52
Messages
On Agenda 22
On Journal 81
Order of Business 22
Referral 16

**MEDIA CENTER**
Use of 92

**MEETINGS, COUNCIL**
Attendance
City Clerk 85

| | Rule |
|---|---|
| **MEETINGS, COUNCIL (continued)** | |
| Councilmembers | 19, 24 |
| News Media | 10 |
| Officials' Representatives | 10, 85 |
| Cablecast of | 18, 93(a) |
| Interruption | 9, 80 |
| Notice | 6, 21 |
| Order of Business | 22, 56, 83 |
| Order Maintained at | 15, 80 |
| Presiding Officer at | 1, 2, 4, 5, 13 |
| Proceedings | |
| Agenda of | 6, 21, 22 |
| Committee Reports Part of | 22, 69, 81 |
| Journal of | 81 |
| Notice | 6, 21, 56, 83 |
| Order of Business | 22 |
| Quorum | 25 |
| Recorded by City Clerk | 81 |
| Rules Governing | 14 |
| Speakers, Rules Governing | |
| Members | 31, 32 |
| Public | 8, 9, 11,12 |
| Time Held | 18 |
| Voting at | 48, 49 |
| Special | |
| Attendance | 19 |
| Notice of | 20, 21, 56, 83 |
| Proceedings Limited | 21, 56 |
| Time Held | 56, 83 |
| **MEETINGS, COUNCIL COMMITTEE** | |
| Cablecast of | 18, 93(b) |
| Joint | 72 |
| Regular | 67 |
| Agenda | 61 |
| Public Hearings | 7, 62, 63, 65,69 |
| Reports and Communications | 69, 70 |
| Votes | 71, 72 |
| Special | 18, 56, 67 |
| **MINUTES** | |
| Approval | 22 |
| Signing | 22, 84 |
| **MOTIONS** | |
| Amend Ordinance | 41 |
| Approve or Reject Mayor's Appointment of Removals | 45 |
| Bypass Committee | 16 |
| Forthwith | 51, 52 |
| Introduce Ordinance | 39 |
| Items Not on Agenda | 23 |

**INDEX**


| | Rule |
|---|---|
| **MOTIONS (continued)** | |
| Need for Second | Appendix |
| Not Consider as City Business | 89 |
| Order of Business | 22, 51 |
| Place on Future Agenda | 3, 16 |
| Previous Question (Close Debate) | 32(d) |
| Quorum Call | 29 |
| Reconsider, How to | 51 |
| Reconsideration, Availability | Appendix |
| Refer to Committee | 16 |
| Replace or Remove President or President Pro Tempore | 3 |
| Substitute | 36 |
| Suspension of Rules | 76 |
| Vote on | Appendix |
| Whether Debatable | Appendix |
| Withdraw from Committee | 54 |
| **N** | |
| **NEWS MEDIA** | |
| Admittance | 10 |
| **NOTICES** | |
| Amendments of Council Rules | 76 |
| Before Confirmation of Appointment of Commissioners | 46 |
| Council Meetings | 6, 21, 56, 83 |
| Council Committee Meetings | 56, 61, 67, 83 |
| **O** | |
| **OFFICES AND DEPARTMENTS** | |
| Attendance at Council Meetings | 85 |
| Communications from Officers and Commissioners | 16, 22 |
| **OPINIONS, CITY ATTORNEY** | |
| Contracts | 37 |
| Ordinances | 38 |
| **ORDERS** | |
| Enforcement of | 29, 80 |
| Of Business | 22 |
| Referral to Committee | 43 |
| **ORDINANCES** | |
| Adoption | 39, 40 |
| Amendment | 41 |
| City Attorney Opinion on | 38 |
| Consideration, First and Second | 22, 39, 40, 41 |
| Continued Hearing | 22, 40 |
| Delivery to City Clerk | 38 |
| Form and Legality, Approval of | 38, 41 |

Rule

**ORDINANCES (continued)**
Index Record of 82
Laid Over One Week 39, 40
Presentation to Mayor 51, 52
Referral to Committee 43
Special Assessments 43
Tract Maps 43
Withhold Unanimous Approval 39

**P**

**POLICE**
Representative at Council Meetings 80

**POSTING**
Committee Agenda 56, 61
Council Agenda 6, 56

**PRESIDENT OF COUNCIL**
Duties
Appointment of Assistant President Pro Tempore 4
Appointment of Committees and Chairs 59
Appointment of Temporary Committee
Member and Notification to Clerk 60
Assignment of Space, Equipment and Furniture 90
Election of 1
Meetings
Call to Order 13
Chair, Appoint Temporary 5
Members
Compel Attendance 29
Permission to Leave 28
Minutes, Sign 84
Officials, Excused Absence 22, 24
Order
Preserve 15
Rules, Enforcement of 14, 15
Questions, Decide 15

**PROHIBITION ON**
Use of N-word and C-word Epithets 7, 63

**R**

**RECEIVE AND FILE**
Order to Place in Archives 53

**RECESS, COUNCIL**
Resolution Requirement 18

**RECONSIDERATION**
Motion to Reconsideration 51

**INDEX**


| | Rule |
|---|---|
| **RECORDS** | |
| Proceedings | 8 |
| **REMOVAL OF** | |
| Commissioners | 45 |
| President | 3 |
| President Pro Tempore | 3 |
| **REPORTS, COMMITTEE** | |
| Called Special | 22, 32 |
| Joint | 72 |
| Majority, Minority | 69 |
| On Agenda | 22 |
| On Journal | 81 |
| Order of Business | 22 |
| Requirements | 68, 69 |
| Special | 22 |
| Submitted Without Recommendation | 69 |
| **RESOLUTIONS** | |
| Adoption | 22, 34 |
| Commendatory | 22, 35 |
| Contents | 91 |
| Copy to Councilmember | 34 |
| Index Record of | 82 |
| On Agenda | 22, 34, 35 |
| Order of Business | 22 |
| Presentation to Council | 22, 34, 35 |
| Referral to Committee | 16 |
| **ROLL CALL** | |
| Alphabetical Order | 48 |
| By Clerk | 48, 71 |
| By Computerized Record Keeping System | 48 |
| Order of Business | 22 |
| Previous Question | 32(d) |
| Quorum | 25, 27 |
| Required | 49 |
| Response by Members Required | 26, 71 |
| Suspended, When Forbidden | 49 |
| To Bypass Committee on a Motion | 16 |
| **RULES, COUNCIL** | |
| Amendment of | 76, 77 |
| Availability of Copy | 78 |
| Decorum | 12 |
| Enforcement of | 14, 80 |
| Robert's Rules of Order, Revised | 14 |
| Suspension of (Not Available Where Individual Rules Asterisked) | 76 |

Rule

**S**

**SERGEANT-AT-ARMS**
Assignment of Duties 29, 80
Order, Maintain 80
Order, Enforce Council 29, 80
Persons, Removal of Unauthorized 80
Police Officer as 80

**SPECIAL ASSESSMENTS**
Ordinances 49

**SPECIAL MEETINGS**
Posting Notice and Limitations 56

**STANDING COMMITTEES**
Identity, Functions and Duties 58-74

**SUSPENSION OF RULES**
Availability (Not Available Where Individual Rules Asterisked) 76

**T**

**TEMPORARY CHAIR OF COUNCIL**
Naming, and Duration of 5

**TEMPORARY COMMITTEE MEMBERS**
Appointment and Notice 60

**TORT CLAIMS**
Referral, and Clerk's Duties 89

**U**

**UNFINISHED BUSINESS ON AGENDA**
Disposition 53

**V**

**VACANT OFFICE SPACE**
Requests for 90

**VOTE, COUNCIL AND COMMITTEES**
Bypass of Referral to Committee 16
Changing Vote 48(b)
Entire Membership 25
Failure to Approve or Reject, Effect of 53
Forthwith 51, 52
Item Not on Agenda 23, 64
Leave of Absence, Granting 24
Majority 25, 71, 72
Ordinances 39-41
Previous Question (Close Debate) 32(d)
Receive and File in Archives 53

| | Rule |
|---|---|
| **VOTE, COUNCIL AND COMMITTEES (continued)** | |
| Reconsideration | 51 |
| Recording "Ayes" and "Noes" | 48, 85 |
| Required Roll Calls | 49 |
| Rules Amendment | 77 |
| Rules Suspension | 76 |
| Substitution of Motion | 36 |
| Verbal Motions | Appendix |
| **W** | |
| **WAIVER** | |
| By Chair | 17 |
| **WITHDRAWAL OF MATTERS FROM COMMITTEE** | |
| Procedure and Votes Needed | 54 |

G:\Shared drives\CLK-CPS\DOCS\Council Rules