# EXHIBIT B

RULES, ELECTIONS, INTERGOVERNMENTAL RELATIONS

BD

**MOTION**

The Los Angeles City Council faces competing duties. It has the legal and moral duties to hear directly from members of the public, consistent with the Ralph M. Brown Act and state constitution. It has the legal and moral duties to provide forums where members of the public are free to participate and exercise their constitutional right to petition their government. And it has the legal and moral duties to protect its staff and members of the public from working and participating in a hostile environment.

These duties come into conflict when some members of the public in their comments to Council and its Committees use certain offensive epithets. At their worst, these members of the public refer to black members of the public, City staff, and Council members using the "N-word" and to female members of the public, City staff, and Council members using the "C-word." These two epithets, the N-word and C-word, are also, unfortunately, the most frequently used offensive and injurious epithets at Council and its Committees. Members of the public who choose to use these modes of expression do so not because these epithets are necessary to convey their viewpoints but for the sake of offense and injury itself.

Use of these offensive epithets is inherently harmful, attacking the humanity of their targets. As the Supreme Court found in *Chaplinsky v. New Hampshire*, 315 U.S. 568 (1942), certain words "by their very utterance inflict injury or tend to incite an immediate breach of the peace." "It has been well observed," the Court continued, "that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality. Resort to epithets or personal abuse is not in any proper sense communication of information or opinion safeguarded by the Constitution." The harm only increases in a formal public meeting where some members of the public unfortunately receive the false impression that the City condones use of these words.

Use of these injurious epithets is also disruptive. On many occasions, speakers' utterances of these two epithets have compelled other members of the public in the Council chamber to shout in objection. At least twice, utterance of the N-word would have triggered not merely verbal but, as *Chaplinsky* anticipated, physical altercations but for the intervention of sergeants-at-arms who prevented fights that were on the cusp of breaking out. Besides inciting, or threatening to incite, verbal and even physical altercations, these epithets disrupt Council and Committee meetings by deterring public participation. By creating public spaces many constituents find repellant, these toxifying modes of expression make it intolerable for many members of the public to attend and participate in the meetings. This denies elected officials the benefit of hearing from these constituents, and so subverts the function of the public comment period. It also suppresses the constitutional right of many members of the public to freely petition their government.

The Council thus has a compelling interest in amending its rules of decorum to proscribe use of the N-word and C-word, and their variations. The amended rules, consistent with the First Amendment, must be viewpoint-neutral, prohibiting utterance of these two epithets, and their variations, regardless of the viewpoint the speaker is expressing with the words. The amended decorum rules should not restrain the modes of expression members of the public may use in written comments submitted to Council. Nor should the amended rules provide for criminal or monetary sanctions. Finally, in order to avoid any potential chilling effect on a speaker, when a public speaker first uses one of these two disruptive epithets, or its variation, that speaker should receive a warning and be ordered not to use the epithet, or its variation, ever again in that or any subsequent Council or Committee meeting. If the speaker disobeys that order and the presiding officer stops a meeting to address the violation and re-issue the order, then the speaker has actually disrupted the meeting and should be subject to already-existing rules regarding disruptions.

MAR 21 2025

**I THEREFORE MOVE**, in light of the above findings of fact and conclusions of law, and pursuant to Rule 77, that the Council adopt the following changes to the Rules of the Los Angeles City Council, with these changes to come into force on DATE.

Add the following to the end of Rule 7:

*Prohibition on Use of N-word and C-word Epithets*

*A public speaker may not use the N-word or C-word, or any variation of either of these words, in a Council or Committee meeting. To avoid ambiguity, the N-word is spelled "n" followed by "i" followed by "g" followed by "g" followed by "e" followed by "r." The C-word is spelled "c" followed by "u" followed by "n" followed by "t." Examples of variations of these epithets include, but are not limited to, the words' plural forms and words created by adding "-ish," "-y," "-ly" or "-ing" to create related adjectives, adverbs, verbs, or gerundives. Public speakers are prohibited from using the N-word and C-word and their variations even though the speakers would use the words to express a non-offensive, non-vulgar viewpoint.*

*The first time a public speaker in a Council or Committee meeting uses the N-word or C-word, or its variation, the staffing City Attorney or presiding officer shall issue a warning to the public speaker that the word and its variations are proscribed and may not be used again in any Council or Committee meeting. If the speaker who received the warning uses the word or its variation again in that or any future Council or Committee meeting, the presiding officer shall re-issue the order, note that the officer's need to stop the meeting to re-issue the order has actually disrupted the meeting, and cut off the speaker's time to speak for the remainder of that meeting. The disruptive speaker is additionally subject to possible removal and exclusion as other provided in this Rule.*

Add the following to the end of Rule 63:

*Prohibition on Use of N-word and C-word Epithets*

*Public speakers in Committee are subject to the same rules regarding the N-word and C-word as provided in Rule 7.*

PRESENTED BY:

| | | |
|---|---|---|
| Marqueece Harris-Dawson<br>Councilmember, 8th District | Tim McOsker<br>Councilmember, 15th District | Eunisses Hernandez<br>Councilmember, 1st District |

SECONDED BY:

| | | |
|---|---|---|
| Curren Price<br>Councilmember, 9th District | Nithya Raman<br>Councilmember, 4th District | for Katy Yaroslavsky<br>Councilmember, 5th District |

Imelda Padilla
Councilmember, 6th District

ORIGINAL